**Robert V. DAVIS, Petitioner–Appellant,**

v.

**Thomas MADDOCK, Director of California Department of Corrections, Respondent–Appellee.**

No. 00–15345.

D.C. No. CV–97–02498–SI.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2001 *.

Decided Feb. 23, 2001.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before ALARCÓN, KOZINSKI, and HAWKINS, Circuit Judges.

MEMORANDUM **

The district court correctly found that the California Court of Appeal's conclusion that petitioner's trial counsel's performance was not ineffective did not constitute an "unreasonable application" of Supreme Court precedent. 28 U.S.C. § 2254(d)(1). *Strickland v. Washington* creates a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). It does not require defense counsel to pursue every possible avenue of defense, so long as the choices made by the attorney might be the result of a reasonable tactical decision. *Id.* In this case, petitioner's trial counsel introduced a great deal of impeachment evidence against Young, including prior felony convictions, incidents in which other individuals had attempted to shoot him (including one in which he refused to press a complaint against a particular individual for fear of retaliation), and use of his own girlfriend as a shield against the bullets.

Moreover, counsel did cross-examine Young about the lighting conditions in the room, the position of the shooter and Young's girlfriend in the bed, and suggested in her closing that Young's story was implausible. That trial counsel chose to focus on other weaknesses of the witness does not render her performance constitutionally ineffective. The avenue of attack which petitioner claims his trial counsel should have taken would have required her to attack the testimony of two police officers. As the state trial judge noted, many competent counsel would deem it preferable to keep the juror's focus on Young's weaknesses rather than engage in a dispute with the police.

The district court also correctly concluded that petitioner's due process rights were not violated by the state court's failure to grant his motion for a new trial based on newly discovered evidence. Evidence that Young offered not to testify against petitioner in exchange for money was available prior to trial, and thus was not newly discovered evidence. Moreover, in the tape recording of Young's bribe solicitation, Young did not indicate that petitioner was not the shooter. Because Young did not actually recant, the recording cannot serve as evidence of a "credible recantation" by a material witness. *Cf. Sanders v. Sullivan*, 863 F.2d 218, 224 (2d Cir.1988).

The order denying the petition for writ of habeas corpus is AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.